FILED
SUPERIOR COURT
OF GUAM

2021 JUN 25 PM 4: 47

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>                              Plaintiff,<br><br>vs.<br><br>VIANNEY NENNIS HOSEI,<br><br><br><br>                              Defendant. | **Superior Court Case No. CF0080-19**<br><br><br>**DECISION AND ORDER RE MOTION TO<br>SET ASIDE VERDICT** |

The Court here considers Defendant Vianney Nennis Hosei's Motion to Set Aside the Verdict, filed following the jury's verdict finding him guilty of criminal sexual conduct charges. Upon review of the evidence, written and oral arguments, and legal authorities presented by both parties, the Court issues this Decision and Order DENYING Hosei's Motion.

### I.    Background

Hosei was indicted by a grand jury on two counts of First Degree Criminal Sexual Conduct. Indictment (Feb. 26, 2019). Both counts alleged that Hosei knew or had "reason to know that the victim was mentally defective, mentally incapacitated or physically helpless or the actor used force or coercion to accomplish the sexual penetration, in violation of 25 GCA §§ 25.15(a)(4) and (b)." *Id.* Two other co-defendants were also charged and indicted; they pled guilty and testified against Hosei.

During the jury selection, the Court read the text of the Indictment to the prospective jurors. The People shortly thereafter moved to amend the indictment to remove the allegation

that Hosei knew had reason to know that the victim was mentally defective or mentally incapacitated, or that he used force or coercion to accomplish the sexual penetration. Am. Indictment (Apr. 8, 2021); Min. Entry (Apr. 8, 2021). Hosei did not object. Min. Entry (Apr. 8, 2021). The Court granted the motion and what remained was an allegation that Hosei knew or had reason to know the victim was physically helpless. Min. Entry (Apr. 8, 2021); Am. Indictment.

At trial the People proceeded under a theory that, prior to the alleged sexual acts, the victim drank alcohol to the point where she was physically unable to communicate an unwillingness to the act. To establish this, the People presented a video depicting the sexual act, testimony from the actors that the victim had been drinking, and testimony from the victim that she had no recollection of the sexual acts. According to the People, the victim's actions in the video and the actions of Hosei and the co-defendants established that Hosei knew or had reason to know that the victim was physically helpless.

Hosei proceeded under a theory that the victim gave consent through her actions. He argued that the video showing that she put her hand on co-defendant Dwayne Piyelit's penis established that she was not physically helpless. Hosei further argued that prior to inserting his penis into the victim's vagina, the victim gave him consent through eye contact.

The Court instructed the jury on the definition of "physically helpless" and the elements of First Degree Criminal Sexual Conduct. Following two days of deliberation, the Jury found Hosei guilty of one count of First Degree Criminal Sexual Conduct and one count Third Degree Criminal Sexual Conduct (As a Second Degree Felony) as a lesser included offense of Count 2 of the Indictment. See Jury Verdict Forms 1-4; Min. Entry at 3:03:31 PM (Apr. 13, 2021). Hosei subsequently moved to set aside the verdict rendered against him, both immediately after the

verdict was rendered and then in written form. [1] *See* Min. Entry at 3:08:31 PM (Apr. 13, 2021);

Mot. Set Aside Verdict Due to Prosecutorial Misconduct and Plain Error (Apr. 22, 2021)

("Motion to Set Aside"). In the written motion, Hosei alleged that a juror reached out to his

attorney and advised that he sent the Court a note asking for clarification on the standard for

reasonable doubt. The juror stated that the Court did not provide any clarification.

The People opposed overturning the verdict, People's Opp. to Def.'s Oral Mot. Set Aside

the Verdict (Apr. 21, 2021), and the Court heard oral arguments on May 11, 2021, Min. Entry

(May 11, 2021).

## II.   Discussion

Hosei moves the Court to set aside the verdict due to prosecutorial misconduct and plain

error.[2] Specifically, he contends that the People committed prosecutorial misconduct by

misstating the law during closing and the Court committed clear error when a request by a juror

for clarification on the definition of reasonable doubt went unanswered.

### A.   Prosecutorial Misconduct

The Court first turns to Hosei's argument that the People committed prosecutorial

misconduct. Hosei contends that over the course of the trial the People intentionally misled the

jury by misstating the law. Specifically, he points to the People's conduct of seeking to amend

the indictment by removing mentally incapacitated; removing the definition of mentally

incapacitated from the Court's jury instructions; requesting the Court to prevent defense counsel

from discussing the definition of mentally incapacitated during closing; repeating the partial

---

[1] Hosei made other arguments on legal issues concerning the physically helpless standard in a Motion for Judgment of Acquittal, which the Court denied, and a Motion to Reconsider, which the Court also denied on the record. *See* Min. Entry (Apr. 8, 2021) and Min. Entry (Apr. 9, 2021).

[2] After the jury announced the verdict, Hosei also requested the Court to set aside the verdict on the grounds of the jury rendering an illogical, or inconsistent, verdict. *See* Min. Entry (Apr. 13, 2021). However, Hosei withdrew this argument in his brief. *See* Mot. Set Aside Verdict at 1 ("The Defendant withdraws his motion to set aside based on an inconsistent verdict").

definition of mentally incapacitated during closing; and then suggesting that the partial definition is legally sufficient to prove physically helpless. *Id.*

Prior to closing arguments, the People also requested that the Court limit defense counsel from referencing the definition of mentally incapacitated. Hosei objected to the request, arguing that he planned on mentioning mentally incapacitated because the original indictment read to the jury included the allegation that he knew or had reason to know the victim was mentally incapacitated. The Court granted the People's request on the grounds that the jury instructions did not include a definition for mentally incapacitated and referencing it would invite the jury to ask what it meant.

During the People's rebuttal, defense counsel objected to the following statement on the grounds that the People misstated the law:

> I want to talk to you about physically helpless because Mr. Santos says alcohol is not relevant, but it is and I need you to look at this consent definition. Here it is:
>
> It is up to you to decide if the victim was physically helpless so that she was unable to communicate unwillingness to an act. Consent cannot exist where a person meets the definition of being physically helpless because, by definition, such a person is not able to willingly agree to a sexual act.
>
> Mr. Santos tries to tell you that the government doesn't have it because she is physically moving and I really need you to take this definition and analyze it because here is the thing about alcohol you need to ask yourself if her act of touching Dwayne's penis in the video is a voluntary act. Because I think the condition and her alcohol use show those are not voluntary acts. Those are involuntary acts on her part because she is not alert and she is not voluntarily spreading her legs for Mr. Hosei. She is not voluntarily asking them to digitally penetrate her. It's all not voluntary and if it is not voluntary then she cannot consent.

Min. Entry (Apr. 12, 2021) at 11:33:21-11:35:01 AM. The Court overruled the objections and instructed that the jury instructions are stated and the jury should follow what is stated within those instructions. *Id.* at 11:35:03-11:35:10 AM.

Turning to Hosei's Motion, under 8 GCA§ 100.30, "[i]f a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal." Since Hosei's argument is that the People misled the jury by misstating the law, the Court examines 8 GCA § 105.66, in which a court may reconsider a verdict if "it appears to the court that the jury has mistaken the law...." Furthermore, in any claim of prosecutorial misconduct, the Court "must first determine whether the challenged statements were improper." *People v. Reyes*, 2020 Guam 3 ¶ 63 (*citing People v. De Soto*, 2016 Guam 12 ¶ 63). Accordingly, the Court first reviews whether the People's statements during closing misstated the law.

Under 9 GCA § 25.10(a)(6), "[p]hysically [h]elpless means that a person is unconscious, asleep or for any other reason is physically unable to communicate unwillingness to an act." Hosei argues that, under this definition, when a person is voluntarily intoxicated, the Government cannot rely on intoxication to argue lack of consent. The issue before the Court then is whether the language "for any other reason" includes circumstances where an individual becomes voluntarily intoxicated to the point where they are unable to consent.

In *People v. Reyes* the victim became intoxicated to the point of blacking out. 2020 Guam 3 ¶ 5. There, the People proceeded under a theory that the victim was was "mentally incapacitated or physically helpless." In reviewing whether the trial court abused its discretion in permitting the prosecutor to question the defendant on whether the victim was capable of consent, the Guam Supreme Court explained:

> To establish that [the victim] was "physically helpless," a term defined in the jury instructions, the prosecutor had to offer evidence to demonstrate that [the victim] was 'unconscious, asleep[,] or for any other reason is physically unable to communicate unwillingness to an act,' i.e., sexual contact or intercourse.... Because the case hinged on this element and whether [the victim] was too intoxicated to communicate a willingness to have sex, questions over her demeanor and whether she was 'too drunk to consent' were proper. The prosecutor's questions of whether [the victim] could have had consensual sex

with any other person helped to establish if [the victim] was in a state where she could not consent to any sexual contact with Reyes.

*Id.* at ¶ 73. Notably, whether the victim was voluntarily intoxicated was not relevant in establishing "physically helpless." Rather, the relevant inquiry was whether the victim was "too intoxicated to communicate a willingness to have sex...." *Id.* It is also clear that the victim's intoxication is applicable to the language "for any other reason" in the definition of physically helpless.

Applying this principle to the current case, the Court is satisfied that the People's statements regarding whether the victim was too intoxicated to consent are relevant in establishing that the victim was physically helpless. Whether or not the victim's intoxication was voluntary is not relevant under the definition of physically helpless. The proper inquiry is whether the victim was able to communicate a willingness to have sex prior to the act. The Court finds that the People's statements in closing were an accurate statement of this law. Moreover, the Court is satisfied that the Court's jury instructions were also an accurate statement of the law.

## B. Plain Error

The Court next turns to Hosei's claim that the Court committed plain error in failing to respond to a juror's request for clarification on the reasonable doubt standard. Under 8 GCA § 105.18,

> After the jury has retired for deliberation ... if they desire to be informed on any point of law arising in the case, they may require the officer to conduct them into court. Upon being brought into court, the information required shall be given in the presence of, or after notice to, the prosecuting attorney, and the defendant or his counsel, or after they have been called and after a reasonable time have failed to appear.

As an initial matter, the Court did not receive any note from the jury requesting clarification of

reasonable doubt. Having not received such a note, the Court committed no error.[3]

On the issue of reasonable doubt generally, the Court instructed the jury on the proper standard. *See* Min. Entry (Apr. 12, 2021) at 9:28:22-9:29:44 AM. The Court also provided each juror with a copy of the Court's instructions. The Court is satisfied that the instructions provided provided the jury with an accurate description of the reasonable doubt standard. Moreover, if the Court had received notification, it would have instructed the jury to follow the instructions.

## III.    Conclusion

Based on the foregoing reasons, the Court DENIES Defendant Vianney Nennis Hosei's Motion to Set Aside the Verdict. An order setting this matter for sentencing will be issued separately.

SO ORDERED this 25th day of June 2021.

_____
Hon. Elyze Iriarte
Judge, Superior Court of Guam

Appearing Attorneys:
Assistant Attorney General Christine Tenorio, Office of the Attorney General of Guam, for the
          People of Guam
Assistant Alternate Public Defender Peter Santos for Defendant Vianney Hosei

---

[3] The Court received other notes to which it responded, including the jury's multiple requests to replay the video that the People introduced at trial.